E-FILED
Monday, 07 July, 2008  02:24:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DONNA M. TODD, as Personal Representative of the Estate of HEATHER TODD, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 CV 2109 |
| JAMES W. BROWN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR STAY

NOW COMES THE DEFENDANT, JAMES W. BROWN, by and through his attorney, Michael A. Wozniak and pursuant to Local Rule 7.1, provides this Memorandum of Law in support of the Motion for Stay of Proceedings and Other Relief:

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. However, a court may decide, in its discretion, to stay civil proceedings when the interest of justice seems to require such an action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). A decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. *Id.* In *Keating,* the court determined that it should consider the extent which a defendant's Fifth Amendment rights are implicated and five additional factors:

1) The interests of plaintiffs and proceeding expeditiously and the potential prejudice to plaintiffs resulting from a delay;

2)      The burden which any particular aspect of the proceedings may
        impose on the defendants;

3)      The convenience of the court in the management of its cases and
        the efficient use of judicial resources;

4)      The interests of persons not parties to the civil litigation;

5)      The interests of the public in the pending and criminal litigation.
        *Keating*, 45 F.3d at 324-325.

The United States District Court for the Southern District of Illinois in *U.S. ex rel. Shank v. Lewis Enterprises, Inc.*, 2006 WL 1064072 (S.D. IL, 2006), observed that the Seventh Circuit had not clearly defined the scope of the inquiry where a stay of proceedings is sought.  The court noted that the Northern District of Illinois had developed a fact specific test regarding the balancing of the following factors:

1)      The extent to which the issues in the criminal and civil cases overlap
        and whether the government initiated both proceedings;

2)      The posture of the criminal proceedings;

3)      The interest of the plaintiffs in proceeding expeditiously and the
        potential prejudice to plaintiffs due to a delay;

4)      The burden the proceedings may impose on defendant;

5)      The convenience of the court in the management of its cases;

6)      The interest of persons not parties to the civil litigation and of the
        public in the civil and criminal litigation.  Slip at *2.

Research did not locate an opinion from the Central District of Illinois with respect to factors to be considered by the court.  A review of the factors enumerated in the *Lewis Enterprises* case follows.

In the present case, the criminal and civil cases directly overlap as the issues in each case surround events involving the death of the Plaintiff's decedent, Heather Todd. The Defendant, James Brown, is charged with manslaughter and aggravated discharge of a firearm in the Circuit Court of Iroquois County, Illinois. There is no question that the Defendant's Fifth Amendment rights are implicated in this case, as the criminal prosecution is actively being pursued, but has not yet concluded. Any statements made by Mr. Brown in defending this action could potentially be used in the criminal case.

The second factor to be considered under the test indicated in the Northern and Southern Districts of Illinois is the posture of the criminal proceedings. Unlike other reported cases, this is not a situation where the civil defendant merely fears a possible indictment or the assertion of a criminal charge. Mr. Brown is defending himself in an active prosecution in Iroquois County. It appears from the docket entries of the Circuit Court of Iroquois County that the criminal case has been pending for almost two years. Therefore, the criminal case would be moving into a position for a trial or other resolution.

The third factor, the interests of the plaintiffs and proceeding expeditiously can be addressed by the fact that the Plaintiff waited until the running of the statute of limitations before filing this case. The potential prejudice to the Plaintiff resulting from a stay of the civil case would be minimal. Had there been a concern regarding the preservation of evidence or the viability of Plaintiff's claim, the litigation would have been brought at an earlier date by Plaintiff's team of attorneys.

The fourth issue to be reviewed by the court is the burden the proceedings may impose on the defendant. In the present case, the criminal and civil cases directly overlap. It has been recognized that the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party is under indictment for a

serious offense and is required to defend a civil case involving the same matter. *Securities and Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375-1376 (D.C. Cir., 1980). As discussed in *Dresser,* if the civil proceeding is not deferred, a defendant's Fifth Amendment privilege against self-incrimination could be undermined; the prosecution could benefit from discovery beyond the limits imposed by the rules of criminal procedure; or the prosecution could benefit from an exposure of specific facts and testimony of the defense in advance of the criminal trial. *Dresser*, 628 F.2d at 1376.

The concerns expressed in *Dresser* exist in the present case where Mr. Brown is being actively prosecuted for the events that are the subject of this suit. The U.S. Supreme Court has prohibited practices that are coercive – those practices that make the exercise of the privilege costly, such as sanctions of loss of employment or state contracts. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 389 (7th Cir. 1995), citing *Spevack v. Klein*, 385 U.S. 511 (1967) and *Lefkowitz v. Turley,* 414 U.S. 70 (1973). In the present case, the Defendant could be put into the position of having to lose the civil case to protect his Fifth Amendment privilege against self-incrimination with respect to the ongoing criminal case. There is no need to impose this cost upon Mr. Brown. The civil case is newly filed, while the criminal case has been pending for quite some time and would appear to be nearing an end.

The inconvenience of this court could be minimized with a stay of the proceedings. A stay would require only minimal review by the court.

With respect to the final factor of interests of persons not parties to the civil litigation and of the public in the pending civil and criminal litigation, it should be noted that the criminal case has been proceeding without interference from its commencement. The Defendant is unaware of any interested persons not parties to this

case or otherwise involved in the criminal litigation who could benefit from imposing a high cost upon Mr. Brown.

The balancing of the above factors would indicate that a stay should be entered in this cause. The Fifth Amendment privilege protects persons against being forced to make incriminating disclosures at any stage of a proceeding if they could not be compelled to make such disclosures as a witness at trial. The Fifth Amendment privilege applies not only at trial, but also at the discovery stage. *National Acceptance Co. of America v. Bathalter*, 705 F.2nd 924, 927 (7th Cir. 1983).

Should this court determine that it would be inappropriate to enter a stay at this time, the Defendant has also sought relief in the form of an enlargement of time in which to assert affirmative defenses, or alternatively, to have a protective order that would allow discovery to be conducted, with the exception of the Defendant not having to respond to discovery requests or questions at deposition regarding the events of the incident complained of in the Complaint until such time as the criminal case is concluded. This alternative would allow discovery to be commenced and would preserve the Defendant's Fifth Amendment privilege without cost consistent with the decisions of the United States Supreme Court.

Wherefore, Defendant prays for an order granting a stay or other relief as moved.

s/Michael A. Wozniak
Michael A. Wozniak  Bar Number:  6187867
Lead Attorney for Defendant
Livingston, Barger, Brandt & Schroeder
2506 Galen Drive, Suite 108
Champaign, Illinois  61821
Telephone:  (217) 351-7479
Fax:  (217) 351-6870
E-mail: mwozniak@lbbs.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ronald E. Boyer
600 E. Walnut Street
P.O. Box 116
Watseka, IL  60970

Edward P. Dumas
Dumas, Weist & Mahnesmith
119 West Harrison Street
Rensselaer, IN  47978

A. William Razzano
Razzano Law Office
P.O. Box 300
Watseka, IL  60970

<u>s/Michael A. Wozniak</u>
Michael A. Wozniak  Bar Number:  6187867
Lead Attorney for Defendant
Livingston, Barger, Brandt & Schroeder
2506 Galen Drive, Suite 108
Champaign, Illinois  61821
Telephone:  (217) 351-7479
Fax:  (217) 351-6870
E-mail:  mwozniak@lbbs.com