E-FILED
Wednesday, 23 July, 2008  11:29:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DONNA M. TODD, as Personal Representative of the Estate of HEATHER TODD, Deceased, <br><br> Plaintiff, <br> vs. <br><br> JAMES W. BROWN, <br><br> Defendant. | CIVIL ACTION <br><br> FILE NO. 2:08-cv-2109 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS**

Now comes the Plaintiff, DONNA M. TODD, as Personal Representative of the Estate of HEATHER TODD, Deceased, by one of her attorneys, Ronald E. Boyer, and for her Memorandum of Law in Opposition to Defendant's Motion For Stay of Proceedings pending the outcome of the criminal case in Iroquois County, Illinois, states:

The defendant has failed to indicate how he would be prejudiced if the civil action went forward while the criminal action was pending in State court.

In the case of *United States v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, WI,* 943 F.2d 721 (7th Cir. 1991) the Court of Appeals affirmed the decision of the District Court to deny a stay for the failure of the defendant to indicate how he would be prejudiced by the criminal action going forward. 943 F.2d 730. The defendant had claimed that he would be prejudiced by having to forego his Fifth Amendment Rights in order to properly defend the civil action. However, the court noted:

[A] stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." The very fact of a parallel criminal proceeding, however, does not alone undercut a defendant or claimant's privilege against self-incrimination, even though the pendency of the criminal action "force's him to choose between preserving his privilege against self-incrimination and losing the civil suit." 943F.2d 729.

The defendant in this case has already given a statement to the police about the events that occurred with regard to the incident alleged in the Complaint. Attached hereto and marked Exhibit A is a copy of one page of the Iroquois County Sheriff's Police Supplementary Report indicating that the defendant, after having been given his Miranda Warnings, gave a video taped statement. The Report further summarizes the gist of the video taped statement. It is apparent that the defendant waived his privilege against self-incrimination by giving the statement.

Plaintiff agrees with the Defendant that the United States District Court for the Southern District of Illinois, in *U.S. ex rel Shank v. Lewis Enterprises, Inc.*, 2006 WL 1064072 (SD Ill. 2006), has set forth an accurate and concise statement of the law in the Seventh Circuit regarding the scope of the inquiry when a stay of proceedings is sought. Plaintiff sets forth those factors, and makes the following comments regarding them:

(1) The extent to which the issues in the criminal and civil cases overlap, and whether the government initiated both proceedings:

The government did not initiate both proceedings. The case before this Court is a civil action to recover for the wrongful death of the decedent. The only way in which the two cases overlap pertains to the

events that occurred on the day the decedent was shot. The defendant has already given a statement regarding these events.

(2) The posture of the criminal proceedings:

There is no date set for trial of the criminal proceedings. The criminal proceedings have been continued numerous times since the complaint was filed on May 22, 2006. No trial date was set at the last status hearing.

(3) The interest of the plaintiff in proceeding expeditiously and the potential prejudice due to a delay:

The decedent left two minor children. The decedent was the sole support of these minor children. The plaintiff needs to have a determination as to whether she will receive compensation from the defendant for the death of the decedent to provide for the support of these children.

(4) For the burden these proceedings may impose on the defendant:

The defendant has been unable to point to any burden placed upon him by this case proceeding expeditiously.

(5) The convenience of the Court in the management of its cases:

It is impossible to state at this point when the criminal case in Iroquois County Illinois will go to trial. A stay of the civil case may be for months, if not years.

(6) The interest of persons not parties to the civil litigation and of the public in civil and criminal litigation:

The minor children who depend upon their support from the decedent must be protected. The public has an interest in seeing that the children are adequately supported by the wrong doer and not by the taxpayers.

All factors to be considered in determining whether a stay should be granted or denied favor a denial order.

WHEREFORE, the plaintiff prays that the defendant's Motion For Stay and/or a protective order be denied.

>					DONNA M. TODD, as Personal
>					Representative of the Estate of HEATHER
>					TODD, Deceased,
>
>			By:		 s/Ronald E. Boyer_____
>					Ronald E. Boyer, Atty. Reg. 00268194
>					Attorney for the Plaintiff
>					Ronald E. Boyer, P.C.
>					600 E. Walnut Street
>					Watseka, IL 60970
>					Telephone:  (815) 432-6101
>					Fax:     (815) 432-4773
>					E-mail: ron@lawyerboyer.com

**IROQUOIS COUNTY SHERIFF'S POLICE SUPPLEMENTARY REPORT**
P.O. Box 67 — Watseka, IL 60970
815-432-6992

Date: May 22nd, 2006

Page 2 of ___

☒ Offense    No. 06-05-143
☐ Incident   No. ___
☐ CFS        No. ___

Classification: Homicide

| Name of Complainant | Address | Phone No. |
|---|---|---|
| Heather L. Todd (Deceased) | 4870 E 964 N Demotte, IN 46310 | N/A |

The action taken by Undersheriff Hagen will be the subject of a separate report. Ptlm. Eades report number is 06-05-144.

R/L met with Mr. Brown as he was seated in the passenger area of his van parked near the storage shed. Ptlm. Eades was present for the initial meeting. R/L asked Mr. Brown and he agreed to accompany R/L to the Sheriff's Office so that a taped interview could be conducted.

After being seated in R/L's squad and while en-route to the Sheriff's Office R/L verbally advised Mr. Brown with the Miranda Warning.

Upon arrival at the jail and specifically at 7:31A R/L gave Mr. Brown the Miranda Warning in written form. A video taped statement was then taken. Inv. Clint Perzee of the Sheriff's Office operated the camera as R/L conducted the interview. A brief synopsis of the interview is as follows: Mr. Brown advised that he awoke early this morning to the sound of an alarm that is installed in a toolshed located on his property. He advised that he exited his home and while armed with a shotgun walked along the road to the north where the shed is located. He stated that as he got closer to the shed he was able to see that the shed lights were on and that a pick-up truck was parked facing north near the building. Mr. Brown said that as he stood in this area he could observe a subject carrying items from his shed to a location near where the truck was parked. Mr. Brown advised that as he stood in this area he was approximately twenty feet to the rear of the truck when the drivers side door opened and the brake lights were activated. Mr. Brown advised that he was frightened by his observations and fired two rounds from his shotgun at the truck. Mr. Brown stated that the truck then began to travel to the north and entered the conservation reserve ground that is also his property.

The complete interview with Mr. Brown is contained on a cassette tape that will be maintained in the evidence room at the Sheriff's Office. Copies of this statement will be made in compact disc format and provided to the State's Attorneys Office.

After the video taped statement was taken Mr. Brown was seated in the lobby at the Sheriff's Office while R/L met with and briefed Iroquois County Assistant State's Attorney, William Donahue.

Following this meeting it was decided to hold Mr. Brown at the Sheriff's Office while charges of first degree murder were filed. Mr. Brown was then informed regarding the charges and he remained seated in the lobby. He was later released on bond.

R/L then left the Sheriff's Office and returned to the scene. Sheriff Eldon Sprau accompanied R/L and Inv. Clint Perzee responded in his vehicle. While at the scene R/L was approached by a person who was driving a vehicle past the Brown's residence. The persons identifiers were noted as the following:

Steven D. Graham  Age 43  D.O.B. 08-23-63
203 North Dewey St.
Morocco, IN.
Telephone: 219-285-0803

Mr. Graham advised that earlier this same morning he picked up a black male who was in the area approximately one mile north of this incident. Mr. Graham advised that this person told him he had an argument with a person he was visiting and thrown out of the house. Mr. Graham stated that he gave the man a ride to a residence in the area and dropped him off there. Mr. Graham advised he would direct R/L to the house.

R/L then folwed Mr. Graham to a residence located approximately three miles from the scene of the shooting. After pointing out the correct residence Mr. Graham left the area.

R/L and Sheriff Sprau then approached the residence and spoke to the only occupant home at this time. This person known by R/L is as follows:

Elouise Lindsey/Roundtree
305 State Line Rd.
Beaverville, IL. 60912

Mrs. Roundtree advised that she observed a blue truck drop someone off in front of her house this morning. She stated that a few

| Signature Reporting Officer | Badge/ID Number | Date (Mo/Day/Yr) | Approved (Supervisor) | Badge/ID Number | Date (Mo/Day/Yr) |
|---|---|---|---|---|---|
| [signature] | #4 | 05-22-06 | | | |