E-FILED
Thursday, 24 July, 2008  01:07:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA M. TODD, as personal representative of the estate of Heather Todd, deceased, | ) ) ) |
| Plaintiff, | ) 08-2109 ) ) |
| v. | ) ) |
| JAMES W. BROWN, | ) ) |
| Defendant. | ) |

## ORDER

The defendant, James W. Brown ("Brown"), has filed a motion to stay this case pending the outcome of a criminal case now pending in Iroquois County, Illinois. Brown faces felony charges arising from the same set of facts and circumstances involved in this case.

Federal courts may "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice . . . require such action." *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Brown argues that proceeding with this civil case during the pendency of his criminal prosecution may compromise his ability to defend this case. He worries that a jury might draw a negative inference if he invokes his Fifth Amendment right against self-incrimination in the civil case.

The plaintiff, Donna M. Todd ("Todd"), argues that Brown has already given a videotaped statement to police, and that Todd, through this complaint, seeks to recover sums for the support of the decedent's minor children. She argues that her interest in an expeditious resolution to the case outweighs Brown's interest in his Fifth Amendment right because he opted not to assert that right when he gave the statement and filed an answer to Todd's complaint. But Brown may very well wish to exercise his right as the criminal case progresses.

Todd also cites a forfeiture case, *United States v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, WI*, 943 F.2d 721 (7th Cir. 1991), for the proposition that a stay is not warranted when the defendant fails to indicate *how* he would be prejudiced if the stay were not granted. The court finds the cited case to be inapposite because it was not decided by a jury. *Certain Real Property*, 943 F.2d at 723. In contrast, both parties in this case have made a jury demand, and Brown worries about the jury's inference in this case if he invokes his right against self-incrimination.

The motion to stay [7] is granted. Brown's motion for extension of time to file affirmative defenses is also granted. Brown shall file his affirmative defenses within fourteen days after the criminal proceeding concludes. A status conference is scheduled for Friday, October 31, 2008 at 9:15 a.m. by telephone conference call. The court will initiate the call.

Entered this __24th__ day of July, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT